EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Morales Hernández y otros<br><br>Peticionarios<br><br>v.<br><br>The Sheraton Corporation h/n/c ITT Sheraton Corporation<br><br>Recurrido | Certiorari<br><br>2014 TSPR 70<br><br>191 DPR ____ |

Número del Caso: CC-2012-835

Fecha: 28 de mayo de 2014

Tribunal de Apelaciones, Región Judicial de San Juan, Panel III

Abogados de la Parte Peticionaria:

      Lcdo. Carlos J. Morales Bauzá
      Lcdo. Luis r. Mellado González

Abogados de la Parte Recurrida:

      Lcdo. Harold D. Vicente- Colón
      Lcdo. Sergio E. Criado

Materia: Procedimiento Civil – Reglas 47 y 43 2 de Procedimiento Civil: requisitos que debe cumplir la Moción de Reconsideración para poder interrumpir el término apelativo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Morales Hernández y otros

    Peticionarios

       v.

                             CC-2012-835

The Sheraton Corporation h/n/c
ITT Sheraton Corporation

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 28 de mayo de 2014.

¿Interrumpió el término para apelar la moción de reconsideración y determinaciones de hechos adicionales que presentaron los peticionarios? Luego de analizar con detenimiento la controversia, contestamos en la afirmativa. Por los fundamentos que elaboramos a continuación, revocamos el dictamen del Tribunal de Apelaciones y devolvemos el caso a ese foro para que lo atienda en sus méritos.

I

Este caso se remonta a una demanda sobre cobro de salarios instada por el señor José Morales

Hernández y otros el 23 de junio de 1983. En esa demanda se intentaba obtener una indemnización por los salarios dejados de percibir por horas de almuerzo trabajadas y no pagadas. Los peticionarios trabajaban como *croupiers* para un hotel operado por Sheraton Puerto Rico Corp. Hasta el 22 de noviembre de 1978, el dueño de las acciones de la hospedería lo era Sheraton Puerto Rico Corporation h/n/c Puerto Rico Sheraton Hotel, cuya compañía matriz era The Sheraton Corporation. Surge que mediante el contrato de compra de acciones titulado *Stock Purchase Agreement*, la corporación matriz, The Sheraton Corporation vendió a San Juan Hotel Associates las acciones de la subsidiaria, Sheraton Puerto Rico Corporation. Entonces, San Juan Hotel Associates cambió el nombre de Sheraton Puerto Rico Corporation a San Juan Dupont Plaza Corporation y continuó haciendo negocios bajo el nombre de Dupont Plaza San Juan Hotel.

El 7 de julio de 1997, el foro primario emitió una sentencia en contra de San Juan Dupont Plaza Corporation h/n/c Dupont Plaza San Juan Hotel, y le condenó a pagar una indemnización de $605,397.66 por los salarios dejados de pagar y $75,674.70 por honorarios de abogado. Sin embargo, antes de poder cobrar la sentencia, San Juan Dupont Plaza Corporation h/n/c Dupont Plaza San Juan Hotel instó un procedimiento de quiebras que resultó en su insolvencia para responder por la cantidad adjudicada judicialmente.

A los fines de poder cobrar su acreencia, el 11 de noviembre de 2003, el señor Morales Hernández y otros presentaron la demanda que nos ocupa contra The Sheraton Corporation, compañía matriz de la hoy denominada San Juan Dupont Plaza Corp. (antes The Sheraton Puerto Rico Corporation). Alegaron, entre otras cosas, que ella era responsable parcialmente por la indemnización concedida en la sentencia de 7 de julio de 1997, toda vez que, en virtud del contrato de compra de acciones se comprometió a pagar los salarios y otros beneficios a los empleados de la corporación desde el 24 de enero de 1977 hasta el 23 de noviembre de 1978. Posteriormente, el señor Morales Hernández y otros enmendaron la demanda para incluir como parte demandada a Starwood Hotel & Resort Co. (Starwood Hotel), como dueña actual de las acciones de The Sheraton Corporation.

Luego de diversos trámites procesales, Starwood Hotel presentó una moción de desestimación por prescripción. En síntesis, alegó que la acción estaba prescrita debido a que las reclamaciones de salarios caducaron al transcurrir los tres años que dispone el Art. 1867 del Código Civil, 31 LPRA sec. 5297, para esa clase de acciones. El señor Morales Hernández y otros presentaron una oposición en la que adujeron que la causa de acción no surge de una relación patrono-empleado, sino de un contrato suscrito entre The Sheraton Corporation y San Juan Hotel Associates. Además, argumentaron que en ese contrato se

creó una estipulación a favor de tercero al pactar The Sheraton Corporation se haría cargo del pago de los posibles salarios adeudados hasta el 23 de noviembre de 1978. De esa forma, alegaron que la causa de acción no estaba sujeta al término trienal del Código Civil, sino al quincenal dispuesto para las reclamaciones personales que no tengan término especial. Art. 1864 del Código Civil, 31 LPRA sec. 5294.

Starwood Hotels replicó a la oposición presentada por el señor Morales Hernández y otros. Expuso que no le es oponible la sentencia dictada en 1997 ya que no fue parte de ese pleito. Además, adujo que cualquier reclamación habida entre The Sheraton Corporation y San Juan Hotel Associates quedó extinguida en virtud de la *Settlement Order No. 162* emitido por la Corte Federal para el Distrito de Puerto Rico, en la que The Sheraton Corporation fue relevada de cualquier reclamación de salario fundamentada en violación de las leyes laborales. El señor Morales Hernández y otros comparecieron nuevamente y reiteraron su reclamación en virtud del contrato de compra de acciones. En cuanto a la orden federal, los peticionarios adujeron que esta no les aplicaba, ya que ellos no fueron parte en aquel pleito.

El 22 de septiembre de 2010, el foro primario emitió una sentencia sumaria mediante la cual declaró la demanda sin lugar. Entre otras cosas, concluyó que el contrato de compra de acciones no tuvo el alcance de formular una

estipulación a favor de tercero. Fundamentó esa conclusión en que no surgía del acuerdo la intención de las partes de conceder al señor Morales Hernández y otros el derecho a reclamar el cumplimiento de lo acordado, elemento esencial para que el contrato se considere en beneficio de terceros. Por el contrario, ese tribunal determinó que la cláusula N del referido contrato configuró una limitación al reclamo de salarios hecho por el señor Morales Hernández y otros, al pactarse que San Juan Hotel Associates no respondería de manera alguna por tales reclamaciones.

La sentencia del foro primario se notificó el **27 de septiembre de 2010**. El señor Morales Hernández y otros presentaron el **13 de octubre de 2010** una "Moción de reconsideración y determinaciones de hechos adicionales" en la que insistieron en sus alegaciones sobre la obligación contractual asumida por The Sheraton Corporation a favor de tercero. Esta última, a su vez, presentó una oposición a la moción de reconsideración en la que alegó que los fundamentos esbozados en la petición no satisfacían los criterios de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, por limitarse a repetir la teoría ya evaluada y adjudicada por el foro primario.

Consideradas las posturas de las partes, el 6 de diciembre de 2010, el foro primario emitió una resolución en la que expuso que, luego de evaluar las mociones

presentadas por las partes, se declaraba no ha lugar la moción de reconsideración y de determinaciones de hechos adicionales que presentaron el señor Morales Hernández y otros.

Inconforme, el 5 de enero de 2011, el señor Morales Hernández y otros acudieron ante el foro apelativo intermedio mediante un recurso de apelación. Starwoods Hotel presentó una moción de desestimación por falta de jurisdicción en la que alegó que la moción de reconsideración instada ante el foro primario no interrumpió el término para apelar. Inicialmente, el foro apelativo intermedio declaró la moción no ha lugar el 16 de mayo de 2011. Sin embargo, el 27 de junio de 2012, ese tribunal emitió una sentencia en la que desestimó el recurso apelativo por falta de jurisdicción. Determinó el Tribunal de Apelaciones que la moción de reconsideración y en solicitud de determinaciones de hechos adicionales no cumplió cabalmente con lo requerido por las Reglas de Procedimiento Civil. En particular, expresó que una mera repetición de las teorías adjudicadas mediante la sentencia que se impugna no es suficiente para cumplir con las Reglas 43 y 47 de Procedimiento Civil, 32 LPRA Ap. V. Además, sostuvo que el señor Morales Hernández y otros debieron presentar nueva prueba o formular nuevos argumentos para establecer claramente su derecho a la reconsideración del dictamen. Por tanto, el foro apelativo intermedio concluyó que la moción de reconsideración no

tuvo el efecto de interrumpir los términos para recurrir en alzada porque no cumplió con los requisitos establecidos en las reglas procesales aplicables.

En desacuerdo, el señor Morales Hernández y otros acudieron ante este Tribunal y presentaron una petición de certiorari. Sostienen que el Tribunal de Apelaciones erró al desestimar la apelación por falta de jurisdicción. En esencia, plantean que la moción de reconsideración y determinaciones de hechos adicionales interrumpió el término para apelar la sentencia del foro primario.

El 31 de mayo de 2013, este Tribunal expidió el auto de certiorari. En su alegato, Starwoods Hotel reitera su postura de que la moción de reconsideración y determinaciones de hechos adicionales de 13 de octubre de 2010, era frívola y no interrumpió el término para apelar. Con el beneficio de la comparecencia de ambas partes, pasamos a resolver la controversia procesal que nos ocupa.

II

En lo pertinente, la Regla 47 de Procedimiento Civil, supra, dispone:

> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.

> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' y se entenderá que no ha interrumpido el término para recurrir.
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 24 (2011); Castro v. Sergio Estrada Auto Sales, Inc., 149 DPR 213, 217 (1999). La Regla 47 de Procedimiento Civil, supra, establece un término de quince días para la presentación de la moción de reconsideración. Si se trata de sentencias el término es jurisdiccional, mientras que es de cumplimiento estricto si se trata de resoluciones y órdenes. Íd.

De conformidad con la actual Regla 47 de Procedimiento Civil, supra, una vez se presenta una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir al foro apelativo intermedio. Ese término comienza a decursar nuevamente "desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V. Véanse, además, Plan Salud Unión v. Seaboard

Sur. Co., 182 DPR 714, 719 (2011); Insular Highway v. A.I.I. Co., 174 DPR 793, 805 (2008); Lagares v. E.L.A., 144 DPR 601, 613 (1997).

La Regla 47 de Procedimiento Civil de 1979, 32 LPRA Ap. III, fue enmendada en el 2009 para disipar una de las controversias que más frecuentemente se planteaban en los tribunales, a saber, cuándo debía entenderse interrumpido el término para recurrir, apelar o acudir en revisión una vez se presentaba una oportuna moción de reconsideración. Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág. 551.

> Con esta reforma se pretendió imprimir certeza sobre cuándo el término para recurrir en apelación ha quedado interrumpido y promover de esta forma la economía procesal, al evitar que la parte perdidosa, ante la incertidumbre que existía de si se había interrumpido el término o no, presente un escrito de apelación que luego, ante las confusas divisiones interpretativas, podría considerarse prematuro o tardío […]. J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da Ed., San Juan, Publicaciones JTS, 2011, Tomo IV, pág. 1371.

Véase, además, R. Hernández Colón, Práctica Jurídica de Puerto Rico, 5ta Ed., Lexis Nexis, 2010, sec. 4603, págs. 395-397.

La regla vigente establece que ese término quedará automáticamente interrumpido al presentarse la moción de reconsideración, siempre que se cumpla con los requisitos de forma expuestos en la regla. J. A. Cuevas Segarra, op cit., pág. 1366. El tratadista Cuevas Segarra expresa que

"salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la regla". Íd. Además, opina que "no existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de la [moción de reconsideración] que puedan afectar el derecho de apelación". Íd.

Otro cambio que introdujo la Regla 47 de Procedimiento Civil de 2009, supra, fue exigir que la moción de reconsideración, aparte de ser presentada oportunamente, sea más específica. Ese nuevo requisito se incluyó para evitar "las mociones frívolas que generalmente dilatan la ejecución de los dictámenes judiciales". Informe de Reglas de Procedimiento Civil, op cit., pág. 552. Por consiguiente, el estándar de especificidad aplicable a las mociones de determinaciones de hechos y conclusiones de derecho adicionales se hizo extensivo a la Regla 47 de Procedimiento Civil. Íd.

Por otro lado, la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, exige que si una parte pretende solicitar reconsideración y determinaciones de hechos adicionales, debe acumular ambas solicitudes en la misma petición. De esa forma, el tribunal podrá resolver esos asuntos de igual manera, mediante una sola resolución. La Regla 43.2 de Procedimiento Civil, 32 LPRA Ap. V, expresa los requisitos de forma y los efectos de una moción de determinaciones de hechos adicionales:

**Regla 43.2. Interrupción de término para solicitar remedios posteriores a la sentencia**

La moción de enmiendas o determinaciones iniciales o adicionales deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales.

Presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedará interrumpido el término para apelar, para todas las partes. Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso.

Al igual que la moción de reconsideración, una moción presentada oportunamente bajo esta regla interrumpirá automáticamente los términos para recurrir en alzada, siempre que se cumplan las especificaciones que la propia norma establece. Dávila Pollock et als. v. R.F. Mortgage, 182 DPR 86, 95 (2011); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 879-880 (2007).

Entre estas se requiere que toda solicitud de determinaciones de hechos adicionales constituya una propuesta que exponga, con suficiente particularidad y especificidad, los hechos que el promovente estima probados y se funde en cuestiones sustanciales. Regla 43.2 de Procedimiento Civil, supra; Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 356-357 (2003); Andino v. Topeka, 142 DPR 933, 939-940 (1997). Según el criterio del profesor Cuevas Segarra, la moción que se presente bajo

esta regla no puede utilizarse para introducir prueba que estuvo disponible en el juicio o traer nuevas teorías. J.A. Cuevas Segarra, op cit., pág. 1261. No se debe perder de vista que los propósitos de la regla son permitir: (1) que el tribunal quede satisfecho de que atendió cabalmente todas las controversias y; (2) que las partes y los foros apelativos estén informados de todos los cimientos de la decisión del Tribunal de Primera Instancia. Íd., págs. 1261-1262. Véase, además, Andino v. Topeka, supra, pág. 938.

III

El señor Morales Hernández y otros arguyen que el foro apelativo intermedio erró al declararse sin jurisdicción a base de una interpretación equivocada de las Reglas 43 y 47 de Procedimiento Civil, supra. Sostienen que su moción de reconsideración estuvo fundamentada y aludió a los hechos específicos que estimaron probados, así como a las razones para reconsiderar el fallo emitido por el foro primario. Por consiguiente, argumentan que esa moción interrumpió el término para apelar o acudir en revisión. Luego de estudiar el asunto con detenimiento, concluimos que a los peticionarios Morales Hernández y otros les asiste la razón.

El foro apelativo intermedio determinó que la moción de reconsideración y determinaciones de hechos adicionales que presentaron el señor Morales Hernández y otros fue una mera repetición de los argumentos esbozados en otras

mociones pre sentencia, por lo que no se cumplió con el requisito de especificidad que requieren las Reglas 43 y 47 de Procedimiento Civil, supra. Sin embargo, consideramos que ese criterio es impertinente para concluir que la moción incumplió con lo dispuesto en las normas procesales mencionadas.

Si bien los argumentos esbozados en la moción de reconsideración y determinaciones de hechos adicionales reiteraron aquellos que el foro primario evaluó en las mociones presentencia, en esa ocasión estos iban dirigidos a influir en la conciencia del juzgador para que cambiara su fallo o realizara determinaciones de hechos más detalladas que permitieran una mejor revisión judicial.

En las primeras páginas de la moción en controversia se indicó que el foro primario erró al considerar la moción de desestimación por prescripción que presentó la parte demandada como una moción de sentencia sumaria, sin permitir que los demandantes condujeran un descubrimiento de prueba adecuado. Apéndice, págs. 238-239. Además, en la moción que nos ocupa se señaló con precisión la comisión de, alegadamente, cinco errores en la aplicación del derecho. Por ejemplo, se alegó que el foro primario: (1) no interpretó el contrato de compra de acciones conforme lo resuelto en Rosario v. Dist. Kikuet, Inc., 151 D.P.R. 634, 644 (2000); (2) ignoró las gestiones múltiples que los demandantes han llevado a cabo para cobrar la acreencia contra Sheraton Puerto Rico Corp. y; (3) erró al concluir

que el *Settlement Order 162* disponía de la reclamación en contra de Starwood. Apéndice, págs. 239-241.

Nos parece que la moción de reconsideración fue lo suficientemente específica como para interrumpir el término para apelar. Requerir la presentación de nuevas teorías jurídicas, como parece sugerir la sentencia del foro apelativo intermedio y la Opinión Disidente en este Tribunal, es un requisito reñido con el propósito que introdujo la Regla 47 de Procedimiento Civil de 2009, supra. Informe de Reglas de Procedimiento Civil, op cit., pág. 551; J.A. Cuevas Segarra, op cit., pág. 1366; R. Hernández Colón, op cit., págs. 395-397. Como mencionamos anteriormente, la especificidad es el criterio rector que debe evaluarse al momento de determinar si una moción de reconsideración interrumpió el término para apelar o acudir en revisión. Íd.

Por otra parte, a partir de la pág. 4 de la moción en controversia, el señor Morales Hernández y otros solicitaron con especificidad que el foro primario realizara ocho determinaciones de hechos adicionales. Entre ellas, cabe mencionar las siguientes: (1) que veintiocho empleados *croupiers* trabajaron en el hotel mientras el patrono corporativo se denominaba Sheraton Puerto Rico Corporation, es decir, hasta el 23 de noviembre de 1978 y, posteriormente, continuaron trabajando en el hotel con el mismo patrono bajo su nuevo nombre San Juan Dupont Plaza Corporation; (2) que la reclamación de este caso se

limitaba al periodo entre el 24 de enero de 1977 y el 23 de noviembre de 1978, periodo por el cual The Sheraton Corporation es responsable por el pago de la penalidad por el periodo de tomar alimentos trabajados por los *croupiers* y; (3) que los demandantes no fueron demandados en el pleito federal Civil Núm. MDL-721, aunque algunos figuraron como demandantes y la *Settlement Order 162* no les aplicaba de forma alguna. Apéndice, págs. 250-253. En ese sentido, la moción cumplió con el estándar de especificidad que requiere nuestra jurisprudencia. Dávila Pollock et als. v. R.F. Mortgage, supra, pág. 95; S.L.G. Szendrey-Ramos v. F. Castillo, supra, págs. 879-880; Carattini v. Collazo Syst. Analysis, Inc., supra, págs. 356-357; Andino v. Topeka, supra, págs. 939-940.

El Tribunal de Apelaciones concluyó que esas determinaciones adicionales eran "proforma" porque algunas de ellas ya se habían presentado ante la consideración del foro primario. Sentencia del Tribunal de Apelaciones, págs. 19-24, Apéndice, págs. 384-389. Es decir, el foro apelativo intermedio no le reconoció un efecto interruptor a la moción porque en ella no se presentaron teorías nuevas. Al concluir de esa forma, el Tribunal de Apelaciones se apartó del criterio rector que guía nuestra jurisprudencia en este tema: **la especificidad.**

En este caso, es insoslayable concluir que la presentación de la moción de reconsideración y determinaciones de hechos adicionales fue lo

suficientemente específica, por lo cual interrumpió el término para apelar conforme las Reglas 43.2, 47 y 52.2 de Procedimiento Civil, supra. En su consecuencia, el foro apelativo intermedio contaba con jurisdicción para atender los méritos del recurso. Concluir lo contrario implicaría regresar a la incertidumbre que creaba la antigua Regla 47 de Procedimiento Civil de 1979, supra, con respecto a cuándo se entendería interrumpido el término para apelar o acudir en revisión. Informe de Reglas de Procedimiento Civil, op cit., pág. 551; J.A. Cuevas Segarra, op cit., pág. 1366. Procede, entonces, devolver el caso al Tribunal de Apelaciones para que lo atienda en sus méritos, ya que tiene jurisdicción para ello. Crespo Quiñones v. Santiago Velázquez, 176 DPR 408 (2009).

IV

Por los fundamentos expuestos, se revoca la determinación del Tribunal de Apelaciones y se devuelve el caso a ese foro para que lo atienda en sus méritos.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Morales Hernández y otros

    Peticionarios

       v.

                                CC-2012-835

The Sheraton Corporation h/n/c
ITT Sheraton Corporation

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2014.

Por los fundamentos expuestos, en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la determinación del Tribunal de Apelaciones y se devuelve el caso a ese foro para que lo atienda en sus méritos.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. La Jueza Asociada señora Pabón Charneco disiente con opinión escrita.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Morales Hernández y otros<br><br>        Peticionarios<br><br>              v.<br><br>The Sheraton Corporation h/n/c<br>ITT Sheraton Corporation<br><br>        Recurridos | CC-2012-0835 | *Certiorari* |

Opinión Disidente emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 28 de mayo 2014.

En la Opinión que antecede, la interpretación que realizó una Mayoría del Tribunal de los requisitos de forma que contienen las Reglas 47 y 43.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 47 y 43.2, tiene el efecto de avalar la presentación de mociones *pro forma* cuyo único propósito es interrumpir el término para acudir en alzada. Ello resulta contrario a los preceptos de economía procesal que rigen nuestro ordenamiento y directamente socava el propósito de enmendar lo relativo a las mociones de reconsideración y de determinaciones de hecho o conclusiones de derecho adicionales mediante las Reglas de Procedimiento Civil de 2009. Por tal motivo, respetuosamente disiento de lo resuelto en la Opinión Mayoritaria.

I

Los hechos y los innumerables trámites procesales que dieron génesis a la controversia de epígrafe están correctamente expuestos en la Opinión Mayoritaria, por lo que únicamente me limitaré a mencionar lo relacionado a la moción de reconsideración y de determinaciones de hecho adicionales presentada ante el foro primario por el señor José Morales Hernández y otros (en adelante, los "peticionarios").

El 22 de septiembre de 2010, archivada en autos copia de su notificación el 27 de septiembre del mismo año, el Tribunal de Primera Instancia dictó *Sentencia Sumaria* desestimando la reclamación de los peticionarios contra The Sheraton Corporation h/n/c ITT Sheraton Corporation y Starwood Hotels & Resorts Worldwide, Inc. (en adelante, los "recurridos"). Ante ello, los peticionarios presentaron una *Moción Solicitando Reconsideración de Sentencia y Determinaciones de Hechos Adicionales* el 13 de octubre de 2010. Por su parte, los recurridos presentaron una oposición a dicha moción alegando que esta no cumplía con los criterios esbozados en la Regla 47 de Procedimiento Civil de 2009, *supra*, debido a que se trataba de una mera repetición de la teoría del caso que fue evaluada y adjudicada por el foro primario. El 6 de diciembre de 2010, sin expresar fundamentos para ello, el foro primario declaró No Ha Lugar la moción de

reconsideración y de determinaciones de hecho adicionales presentada por los peticionarios.

Así las cosas, los peticionarios presentaron un recurso de apelación ante el Tribunal de Apelaciones. Por su parte, los recurridos presentaron una *Moción de Desestimación por Falta de Jurisdicción*, alegando que el escrito de apelación fue presentado fuera del término jurisdiccional dispuesto para ello, pues la moción de reconsideración y de determinaciones de hecho adicionales presentada por los peticionarios ante el foro primario no había interrumpido el término para apelar por no cumplir con los requisitos de forma necesarios para su procedencia. En respuesta a lo anterior, los peticionarios presentaron una oposición a la moción de desestimación del recurso de apelación, argumentando en esencia que la moción de reconsideración y de determinaciones de hecho adicionales había interrumpido el término para acudir en alzada.

Inicialmente, el foro apelativo intermedio declaró No Ha Lugar la solicitud de desestimación por falta de jurisdicción. No obstante, el 20 de junio de 2012, archivada en autos copia de su notificación el 27 de junio de 2012, el Tribunal de Apelaciones dictó *Sentencia* mediante la cual se declaró sin jurisdicción para atender el recurso de apelación en los méritos. Explicó el foro apelativo intermedio que la moción de reconsideración y de determinaciones de hecho adicionales presentada por los

peticionarios ante el foro primario "fue un ejercicio frívolo con el propósito de dilatar los efectos de la sentencia y por lo tanto no tuvo el efecto de interrumpir el término de treinta días para acudir en alzada".[1] De esa *Sentencia* solicitaron reconsideración los peticionarios, la cual fue declarada No Ha Lugar por el foro apelativo intermedio.

Así las cosas, los peticionarios presentaron el recurso de *Certiorari* que nos ocupa. Señalaron que el Tribunal de Apelaciones erró al desestimar el recurso de apelación ante su consideración por falta de jurisdicción.[2] Alegaron los peticionarios que el foro apelativo intermedio erróneamente concluyó que la moción de reconsideración y de determinaciones de hecho adicionales presentada ante el foro primario no había interrumpido el término para acudir en alzada. Los recurridos oportunamente presentaron su alegato en oposición al recurso.

## II

La moción de reconsideración es "el mecanismo que provee nuestro ordenamiento para permitir que un tribunal modifique su fallo y enmiende o corrija los errores en que haya incurrido". *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009); *Lagares v. E.L.A.*, 144 DPR 601,

---

[1] Véase la Sentencia emitida por el Tribunal de Apelaciones en el caso KLAN201100023, Apéndice del recurso de *Certiorari*, págs. 364-391.

[2] Luego de la expedición del *Certiorari* los peticionarios presentaron su alegato en apoyo al recurso, en el cual añadieron cinco (5) señalamientos de error adicionales relacionados a los méritos de la controversia. No obstante, al igual que en la Opinión Mayoritaria me limito a discutir el asunto jurisdiccional ante nos.

609 (1997). Del texto de la Regla 47 de Procedimiento Civil de 2009, *supra*, se desprende que una moción de reconsideración presentada oportunamente deberá "exponer **con suficiente particularidad y especificidad** los hechos y el derecho que la parte promovente estima que deben reconsiderarse". (Énfasis nuestro). Además, la moción de reconsideración deberá "**fundarse en cuestiones sustanciales** relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales". *Íd.* (Énfasis nuestro). De cumplir con lo anterior, el término para recurrir en alzada quedará automáticamente interrumpido.[3] *Íd.* Sin embargo, la propia Regla 47 de Procedimiento Civil de 2009 dispone que de no cumplir con los requisitos de forma antes esbozados, la moción será declarada No Ha Lugar y no interrumpirá el término para acudir en alzada. *Íd.*

El requisito de que la moción de reconsideración debe gozar de suficiente particularidad y especificidad, así como la necesidad de que se funde en cuestiones sustanciales de hecho o de derecho, se diferencia sustancialmente de lo requerido por la derogada Regla 47 de Procedimiento Civil de 1979, 32 LPRA Ap. III, R. 47, que guardaba silencio en cuanto a lo anterior. La antigua Regla 47 de 1979 expresaba que una vez presentada una moción de reconsideración dentro del término

---

[3] La Regla 52.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.2, dispone lo relacionado a los términos para presentar una apelación o *certiorari* ante el Tribunal de Apelaciones y la interrupción de dichos términos a partir de una moción de reconsideración o una moción de determinaciones de hecho o conclusiones de derecho adicionales.

correspondiente, el tribunal tenía diez (10) días para considerar la misma. *Íd.* De rechazar la moción de plano, el término para acudir en alzada no se entendía interrumpido. *Íd.* Por otro lado, si el tribunal consideraba la moción, el término se entendía interrumpido y comenzaba a contarse nuevamente desde la fecha en que se archivara en autos copia de la notificación de la Resolución que resolviera definitivamente la moción. *Íd.* Recientemente resumimos las alternativas que tenía el foro primario ante una moción de reconsideración oportunamente presentada bajo la Regla 47 de Procedimiento Civil de 1979, *supra*:

> (1) [T]omar, dentro del término de 10 días, "alguna determinación" respecto a la referida moción —por ejemplo, señalar la misma para vista, concederle término a la otra parte para que se exprese, etc.—, en cuya situación se entendía interrumpido el término de revisión; (2) declararla expresamente "sin lugar" dentro del mencionado término de diez días, o (3) dejar transcurrir el término de diez días sin tomar acción alguna, lo que constituía un rechazo de plano. En estas dos últimas situaciones, se consideraba que la moción de reconsideración no interrumpía el término de revisión. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011). *Véanse además Rodríguez Medina v. Mehne*, 168 DPR 570, 574-575 (2006); *Flores Concepción v. Taino Motors*, 168 DPR 504, 516-517 (2006); *Villanueva v. Hernández Class*, 128 DPR 618, 633-634 (1991).

Durante la vigencia de la Regla 47 de Procedimiento Civil de 1979, *supra*, se suscitaron innumerables controversias sobre cuándo procedía la interrupción del término para recurrir en alzada a partir de la presentación de una moción de reconsideración. *Informe de*

*Reglas de Procedimiento Civil,* Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág. 551. *Véanse Constructora Estelar v. Aut. Edif. Púb.,* supra; *Plan Salud Unión v. Seaboard Sur. Co.,* 182 DPR 714 (2011); *Insular Highway v. A.I.I. Co.,* 174 DPR 793 (2008); *Rodríguez Medina v. Mehne,* supra; *Flores Concepción v. Taino Motors,* supra; *Caro v. Cardona,* 158 DPR 592 (2001); *Reyes Díaz v. E.L.A.,* 155 DPR 799 (2001); *Castro v. Sergio Estrada Auto Sales, Inc.,* 149 DPR 213 (1999); *Villanueva v. Hernández Class,* supra; *Rodríguez Rivera v. Autoridad de Carreteras,* 110 DPR 184 (1980).

Con el propósito de resolver el problema en cuanto a la interrupción del término, la nueva Regla 47 de Procedimiento Civil de 2009, *supra*, dispone que el término para recurrir en alzada queda automáticamente interrumpido a partir de la presentación de la moción de reconsideración, siempre y cuando se cumplan con los requisitos de forma dispuestos en la regla. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., San Juan, Publicaciones JTS, 2011, Tomo IV, pág. 1366. Es decir, "la interrupción del término se condiciona al cumplimiento de unos requisitos de fondo por los que debe pasar juicio el tribunal". R. Hernández Colón, *Práctica Jurídica de Puerto Rico*, 5ta Ed., Lexis Nexis, 2010, sec. 4603, pág. 397.

Como bien menciona el tratadista Cuevas Segarra, a partir de los cambios introducidos por la actual Regla 47 de Procedimiento Civil de 2009, *supra*, quedaron atrás las controversias sobre cómo y cuándo se debía entender acogida la moción de reconsideración para fines de la interrupción del término para apelar. Cuevas Segarra, *op. cit.*, pág. 1366. Por su parte, dice el también tratadista y profesor Hernández Colón que la nueva Regla 47 de Procedimiento Civil de 2009, *supra*, persigue un fin loable al pretender evitar "la práctica dilatoria de presentar mociones **frívolas e inmeritorias** que sólo persiguen la interrupción del término para recurrir". Hernández Colón, *op. cit.*, sec. 4603, pág. 397. (Énfasis nuestro). De lo que se trata es de evitar que la moción de reconsideración "se convierta en una vía para **dilatar injustificadamente** la ejecución de un dictamen judicial". Cuevas Segarra, *op. cit.*, pág. 1367. (Énfasis nuestro). No obstante, tal y como se puede apreciar de la controversia ante nuestra consideración en el día de hoy, Cuevas Segarra anticipó en su obra que "es predecible que [la controversia] se traslade a cuándo se considerará que la moción cumple o no con los requisitos de especificidad de la regla". *Íd.*, pág. 1366.

Así las cosas, los tribunales debemos ser en extremo cautelosos al momento de evaluar si una moción de reconsideración fue lo suficientemente particular y específica según requerido por la Regla 47 de

Procedimiento Civil de 2009, *supra*, con la consecuencia de interrumpir el término para apelar. De lo contrario, se estaría avalando la práctica que precisamente se quiso evitar con la modificación de la regla: la presentación de mociones *pro forma* con la única intención y efecto de interrumpir el término para recurrir en alzada. Con la Regla 47 de Procedimiento Civil de 2009, *Íd.*, "se pretende imprimir certeza sobre cuándo el término para recurrir en apelación ha quedado interrumpido y promover de esta forma la economía procesal". Cuevas Segarra, *op. cit.*, pág. 1371.

Resulta necesario aclarar que ni la Regla 47 de Procedimiento Civil de 2009, *supra*, ni el análisis aquí expuesto proponen un estándar de evaluación de mociones de reconsideración irrazonable que, como cuestión práctica, impida la revisión judicial. En palabras del tratadista Cuevas Segarra:

> [S]alvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la regla. No existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de la misma que puedan afectar el derecho de apelación. Cuevas Segarra, *op. cit.*, pág. 1366.

A tono con lo anterior, al evaluar la procedencia de una moción de reconsideración -y si la misma tiene efecto interruptor- los jueces debemos examinar la moción presentada a la luz de los hechos particulares de cada caso. Cuevas Segarra, *op. cit.*, pág. 1370. Solo así

podemos darle fiel cumplimiento a lo requerido por la Regla 47 de Procedimiento Civil de 2009, *supra*, en cuanto a los requisitos de forma de la moción de reconsideración.

Por otro lado, las Reglas 43.1 y 43.2 de Procedimiento Civil de 2009, *supra*, disponen lo relacionado a las mociones de determinaciones de hecho o conclusiones de derecho adicionales. El propósito de una moción de determinaciones de hecho o conclusiones de derecho adicionales es que el foro primario tenga la oportunidad de enmendar o corregir cualquier error. Cuevas Segarra, *op. cit.*, pág. 1261. Utilizadas legítimamente, este tipo de mociones van dirigidas a "la consecución de un ideal de justicia exento de errores". *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 356 (2003), citando a *Roldán Rosario v. Lutron, S.M., Inc.*, 151 DPR 883, 890-891 (2000).

De manera similar a lo requerido en cuanto a las mociones de reconsideración, la Regla 43.2 de Procedimiento Civil de 2009, *supra*, exige que el promovente exponga "con **suficiente particularidad y especificidad** los hechos que la parte promovente estime probados, y debe **fundamentarse en cuestiones sustanciales** relacionadas con determinaciones de hecho pertinentes o conclusiones de derecho materiales". (Énfasis nuestro). Igualmente, la Regla 43.2 de Procedimiento Civil de 2009 dispone que una vez presentada una moción de determinaciones de hecho o conclusiones de derecho

adicionales, el término para apelar quedará interrumpido automáticamente. *Íd.* Ahora bien, al igual que en el caso de una moción de reconsideración, de no cumplir con los requisitos de forma antes mencionados la moción de determinaciones de hecho o conclusiones de derecho adicionales no interrumpirá el término para recurrir a un tribunal de mayor jerarquía. Cuevas Segarra, *op. cit.*, pág. 1264; Hernández Colón, *op. cit.*, sec. 5002, pág. 416.

La Regla 43.3 de Procedimiento Civil de 1979, 32 LPRA Ap. III, que reglamentaba la moción de determinaciones de hecho o conclusiones de derechos adicionales durante la vigencia de las antiguas normas procesales también exigía suficiente particularidad y especificidad, así como cuestiones sustanciales relacionadas a los hechos o el derecho objeto de la moción como requisito para que esta tuviese el efecto de interrumpir el término para apelar. *Constructora Estelar v. Aut. Edif. Pub.*, *supra*, pág. 25; *García v. Hormigonera Mayagüezana*, 172 DPR 1, 6-7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, *supra*, págs. 358-359; *Vega et al. v. Telefónica*, 156 DPR 584, 596-597 (2002); *Andino v. Topeka, Inc.*, 142 DPR 933, 939-940 (1997). Así las cosas, bajo la antigua Regla 43.3 de Procedimiento Civil de 1979, *supra*, la mera presentación de una moción de determinaciones de hecho o conclusiones de derecho adicionales "no armonizaba con el principio rector procesal que inspira la solución justa, rápida y económica de todo pleito". *Carattini v. Collazo Syst.*

*Analysis, Inc.*, *supra*, pág. 358; *Andino v. Topeka, Inc.*, *supra*, pág. 937 (1997). Por ende, expresamos que "sólo una **oportuna y bien formulada** solicitud de determinaciones de hechos adicionales, es la que interrumpe los términos para interponer una apelación". *Íd.* (Énfasis nuestro y en el original). En *Andino v. Topeka, Inc.*, *supra*, págs. 939-940, expresamos que

> [L]a práctica forense exige, que toda moción sobre determinaciones de hechos adicionales o de enmienda, constituya una propuesta que exponga, **con suficiente particularidad y especificidad**, los hechos que el promovente estima probados y, **fundarse en cuestiones sustanciales** relacionadas con determinaciones de hechos pertinentes o conclusiones de derecho materiales. Lo contrario, es pedirle al juzgador actuar a ciegas o convertirlo en adivino. (Énfasis nuestro y cita omitida).

Teniendo en cuenta que tanto la Regla 43.2 de Procedimiento Civil de 2009, *supra*, como la Regla 43.3 de Procedimiento Civil de 1979, *supra*, disponen idénticos requisitos de forma, la jurisprudencia interpretativa sobre esta última es aplicable a la controversia de epígrafe. Además, debido a su similitud, la jurisprudencia antes citada sirve como guía para evaluar los nuevos requisitos de forma exigidos en cuanto a las mociones de reconsideración conforme a la Regla 47 de Procedimiento Civil de 2009, *supra*.

En cuanto a la Regla 43.1 de Procedimiento Civil de 2009, *supra*, la misma obliga a consolidar una moción de determinaciones de hecho o conclusiones de derecho adicionales junto a una moción de reconsideración, en caso

de que una misma parte interese presentar ambas solicitudes ante el foro primario. En estos casos, el tribunal deberá resolver ambas solicitudes en un mismo escrito. *Íd.* Como se desprende de nuestra discusión, tanto la Regla 43.2, *supra*, sobre mociones de determinaciones de hecho o conclusiones de derecho adicionales, como la Regla 47 de Procedimiento Civil de 2009, *supra*, sobre mociones de reconsideración, disponen que el promovente debe exponer suficiente particularidad y especificidad y fundarse en cuestiones sustanciales de hecho o de derecho para que se entienda interrumpido el término para acudir en alzada. De presentarse una moción conjunta en la que una parte solicite reconsideración y determinaciones de hecho o conclusiones de derecho adicionales, bastará con que el promovente cumpla con los requisitos de forma de alguna de las dos reglas para que el término para apelar se vea interrumpido. Cuevas Segarra, *op. cit.*, pág. 1366.

III

En la Opinión Mayoritaria que se emite el día de hoy esta Curia resuelve que la moción de reconsideración y de determinaciones de hecho adicionales presentada por los peticionarios ante el foro primario interrumpió el término jurisdiccional de treinta (30) días para instar un recurso de apelación ante el foro apelativo intermedio. No obstante, de un análisis del escrito titulado *Moción Solicitando Reconsideración de Sentencia y Determinaciones de Hechos Adicionales* a la luz de las Reglas 47 y 43.2 de

Procedimiento Civil, *supra*, se puede apreciar que los peticionarios no cumplieron con los requisitos de forma allí dispuestos, particularmente en cuanto a la *particularidad y especificidad* que exigen ambas reglas.[4]

Ante el planteamiento de falta de jurisdicción de los recurridos y luego de una minuciosa comparación entre dos de las mociones pre-sentencia sometidas por los peticionarios ante el foro primario, el Tribunal de Apelaciones encontró que la moción de reconsideración y de determinaciones de hecho adicionales no era más que una compilación *ad verbatim* de las alegaciones y argumentos previamente esbozados.[5] A igual conclusión debió haber llegado una Mayoría de este Alto Foro. Basta con examinar los escritos titulados Oposición a *"Moción de Desestimación por Alegada Prescripción"*[6] y *Dúplica a "Réplica a Oposición a Moción de Desestimación por Prescripción"*[7] para determinar que es evidente que la moción de reconsideración y de determinaciones de hecho

---

[4] Véase la *Moción Solicitando Reconsideración de Sentencia y Determinaciones de Hechos Adicionales* presentada por los peticionarios el 13 de octubre de 2010 ante el Tribunal de Primera Instancia, Apéndice del recurso de *Certiorari*, págs. 238-254.

[5] Véase la Sentencia emitida por el Tribunal de Apelaciones en el caso KLAN201100023, *supra* n. 1. En su oposición a la moción de reconsideración y de determinaciones de hecho adicionales ante el foro primario, los recurridos también argumentaron exhaustivamente que la moción presentada por los peticionarios era una compilación *ad verbatim* de los dos escritos pre-sentencia presentados por los peticionarios. Véase la *Oposición a Moción de Reconsideración y Determinaciones de Hechos y en Cumplimiento de Orden* presentada por los recurridos el 23 de noviembre de 2010 ante el Tribunal de Primera Instancia, Apéndice del recurso de *Certiorari*, págs. 255-271.

[6] Véase la moción titulada Oposición a *"Moción de Desestimación por Alegada Prescripción"* presentada por los peticionarios el 21 de febrero de 2007 ante el Tribunal de Primera Instancia, Apéndice del recurso de *Certiorari*, págs. 87-182.

[7] Véase la moción titulada *Dúplica a "Réplica a Oposición a Moción de Desestimación por Prescripción"* presentada por los peticionarios el 23 de agosto de 2007 ante el Tribunal de Primera Instancia, Apéndice del recurso de *Certiorari*, págs. 209-215.

adicionales es una copia *ad verbatim* de los argumentos encontrados en las mociones anteriores. Ello no es suficiente para cumplir con los criterios de *especificidad y particularidad* que exigen las Reglas 47 y 43.2 de Procedimiento Civil de 2009, *supra*.

La actual Regla 47 de Procedimiento Civil de 2009, *supra*, fue adoptada con el propósito, entre otros, de terminar con la práctica usual de los abogados de presentar mociones de reconsideración *pro forma* con la única intención de interrumpir el término para recurrir ante un tribunal de mayor jerarquía. Para resolver lo anterior, como parte de dicha norma procesal se adoptaron los requisitos de particularidad y especificidad ya existentes para las mociones de determinaciones de hecho o conclusiones de derecho adicionales. Si bien es cierto que las Reglas 47 y 43.2 de Procedimiento Civil de 2009, *Íd.*, no requieren la presentación de nuevas teorías o hechos adicionales por parte del promovente, ello no significa que este puede limitarse a trasladar lo que previamente expuso en otra moción de un documento a otro a manera de "*copy and paste*" como hicieron los peticionarios en la controversia de autos. A pesar de que en la Opinión Mayoritaria se alude a que el criterio rector al evaluar una moción de reconsideración o una moción de determinaciones de hecho o conclusiones de derecho adicionales es la *especificidad*, ello está reñido con la conclusión del Tribunal al entender que la moción

presentada por los peticionarios fue lo suficientemente específica como para tener el efecto interruptor deseado.

Ya señalé que un mero "*copy and paste*" de mociones anteriores para reproducir los mismos argumentos *ad verbatim* en una nueva moción no es suficiente para cumplir con los requisitos de forma exigidos por las Reglas 47 y 43.2 de Procedimiento Civil. *Íd.* Ahora bien, ¿a qué se refieren ambas normas procesales al exigir que las mociones de reconsideración y las mociones de determinaciones de hecho o conclusiones de derecho adicionales sean lo suficientemente particulares y específicas?

A pesar de que se trata de una determinación que los tribunales deben realizar caso a caso, entiendo que una moción que pretenda mover al juzgador a reconsiderar su determinación *debe identificar cada uno de los extremos que entiende deben ser reconsiderados y específicamente demostrarle al juzgador por qué se equivocó mediante argumentos concretos y fundamentados en cuestiones sustanciales de hecho o de derecho que vayan dirigidos a mover la consciencia del juzgador*. Esto contrasta con lo presentado por los peticionarios en la moción objeto de controversia. A pesar de que las primeras páginas del escrito dan la impresión de que se cumplió con los requisitos de forma en cuanto a la moción de reconsideración, los peticionarios se limitan a resumir las cinco (5) conclusiones de derecho realizadas por el

foro primario en su *Sentencia* y discutirlas de forma escueta, a modo de introducción. Acto seguido –entiéndase la parte de la moción en la cual los peticionarios intentan argumentar a favor de la reconsideración– comienza la compilación *ad verbatim* a manera de "*copy and paste*", lo cual entiendo no es suficiente para cumplir con la *particularidad y especifidad* que exige la Regla 47 de Procedimiento Civil de 2009, *supra*. Igualmente, entiendo que en el caso de una moción de determinaciones de hecho o conclusiones de derecho adicionales el promovente *debe exponer cuáles son las determinaciones de hecho pertinentes o conclusiones de derecho sustanciales que entiende que fueron probadas durante el trámite judicial y que no forman parte de la sentencia.* Limitarse a simplemente repetir lo que ya se dijo en una moción anterior –lo cual se agrava cuando se hace a manera de "*copy and paste*" como en la controversia de autos– no pone al juzgador en posición de poder evaluar qué parte, si alguna, debe ser reconsiderada o enmendada para añadir determinaciones de hecho o conclusiones de derecho adicionales.

Por último, valga destacar que en el pasado este Tribunal ha sido riguroso en cuanto a la necesidad de las partes de cumplir estrictamente con lo dispuesto en las reglas procesales que rigen nuestro ordenamiento. Aunque en el contexto del Derecho Procesal Apelativo, en *Soto Pino v. Uno Radio Group*, 2013 TSPR 75, pág. 6, 189 DPR ___

(2013), recientemente expresamos que "[l]a marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico". En ese sentido, explicamos que las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Íd.; Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). En iguales términos nos expresamos en *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011), al pronunciar que

> Los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y ***no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo***. (Énfasis nuestro).

Soy del criterio de que no existe motivo alguno para no ser igual de rigurosos al momento de evaluar las normas procesales contenidas en las Reglas de Procedimiento Civil. Las Reglas 47 y 43.2 de Procedimiento Civil de 2009, *supra*, son claras en cuanto a la necesidad de que las mociones de reconsideración y de determinaciones de hecho o conclusiones de derecho adicionales deben gozar de suficiente particularidad y especificidad, así como que deben fundarse en cuestiones sustanciales de hecho o de derecho. Una interpretación liberal de ambas reglas que tenga el efecto de reducir tales requisitos de forma a letra muerta no es cónsona con la economía procesal que en otras ocasiones intentamos promover en este Foro.

IV

Por todo lo anterior, respetuosamente disiento de la Opinión Mayoritaria en la controversia de epígrafe. Lo que procedía resolver en este caso era confirmar la *Sentencia* emitida por el Tribunal de Apelaciones, ya que la moción de reconsideración y de determinaciones de hecho adicionales no interrumpió el término para apelar. Así las cosas, los peticionarios presentaron su recurso de apelación ante el foro apelativo intermedio fuera del término jurisdiccional para ello, privando a dicho foro de jurisdicción para atender el recurso.

Mildred G. Pabón Charneco
Jueza Asociada