EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN BAYRON, conocido por RAFAEL BAYRON, acusado y apelante.

No. 3981.—*Sometido:* Marzo 31, 1930. *Resuelto:* Abril 10, 1930.

*Angel A. Vázquez,* abogado del peticionario-apelante.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En el alegato original en este caso, se expresó el apelante así:

"Por virtud de los hechos que se han relatado, de la acusación formulada, de la prueba practicada y de la sentencia dictada, el acusado estima que en este caso se ha incurrido en error al declarársele culpable por el jurado y al dictarse sentencia en su contra por la

Hon. Corte de Distrito, ya que el veredicto es contrario a la prueba por ser ésta completamente insuficiente. En una palabra, ha habido error en la apreciación de la prueba.''

■ Como el alegato no se ajustaba a las reglas de este tribunal, desestimamos el recurso, por resolución de 24 de marzo del corriente año.

Ahora el apelante, reconociendo que el alegato que presentó no estaba de acuerdo con las reglas 42 y 43 de este tribunal, acude en reconsideración; y para fundar su petición alega: que por El Pueblo no se pidió la desestimación, y por ello no tuvo el apelante una oportunidad para solicitar que se le permitiera enmendar su alegato; que se trata de un caso de importancia, tanto por razón de la pena impuesta, cuanto por la falta de evidencia para condenar; que este tribunal ha sido muy liberal en casos análogos, de los que cita varios. Y acompaña un alegato enmendado, que pide se le admita. En este nuevo alegato se señalan tres errores: insuficiencia de la prueba, error en la apreciación por razón de instrucción errónea de la corte en cuanto a la convicción anterior, y error en la corte al no instruir al jurado que la falta de declaración del acusado nada probaba contra él.

Desde luego, se echa de ver que el apelante ha deseado aprovechar esta petición de reconsideración para reforzar, con nuevos señalamientos de error, su alegato. Esto no es admisible.

■■ No encontramos gran fuerza en la consideración que el apelante presenta para su moción.

No era necesario que el representante de El Pueblo de Puerto Rico pidiera la desestimación. Podemos, de acuerdo con nuestro Reglamento, acordarla sin sugestión de ninguna de las partes.

En cuanto a la pena impuesta, no es ésa una consideración de gran alcance: es la ley la que fija sus límites, y no pueden los tribunales detener la mano de la ley, por sensible que sea privar a una persona de su libertad.

■ En lo que toca a la liberalidad con que se haya pro-

cedido en los casos que se citan por el apelante, ella no es regla a invocar por las partes, ni éstas pueden esperar que el tribunal las dispense de cumplir con sus reglas. Si este tribunal ha ejercitado su discreción con benévola tendencia, eso no significa que se haya derogado el Reglamento.

■ Antes de resolver acerca de la desestimación, estudiemos la prueba del caso. Es claro que no se sorprendió a persona determinada en el momento de saltar por la ventana de la habitación del Sr. Aulet, o en el momento de sustraerle los lentes y alguna otra cosa. Pero ante el jurado se presentó la prueba de que el acusado, a altas horas de la noche, andaba por las cercanías de la casa en que dormía Aulet, que más tarde fué visto por el Policía Insular José Ramos Torres entrando por el callejón de la misma casa, con una linterna en la mano, y acompañado de otro sujeto, y que cuando el guardia fué al otro lado para detenerlos, echaron a correr; que en poder del acusado se encontraron, con otras cosas, los lentes que le habían robado a Aulet; y que el acusado había cumplido condena por escalamiento. El acusado no ofreció prueba alguna; y en esas condiciones fué el caso al jurado, bajo unas instrucciones concretas, correctas, imparciales y en perfecta consonancia con la ley.

El jurado apreció la prueba circunstancial, unió en su juicio, los eslabones de una cadena de hechos y razones, y rindió un veredicto imparcial y justo. No podemos aquí dar por sentado que en el pronunciamiento de los jueces de hecho tuviera influencia alguna en contra del acusado la circunstancia de su anterior condena, o la de no haber él mismo declarado en su defensa, como ahora se pretende en el nuevo alegato.

En el alegato del fiscal de este tribunal se cita acertadamente la obra de Underhill sobre evidencia en materia penal, y de ella un párrafo que dice así:

"Es buena evidencia y admisible el que se haya visto al acusado merodeando alrededor del sitio donde se ha cometido el escalamiento."

Y cita asimismo el siguiente pasaje de dicha obra (pág. 653, párr. 378):

"Se ha resuelto que una persona en cuya posesión se han encontrado objetos que recientemente fueron sustraídos de una casa escalada, debe presumirse del solo hecho de dicha posesión, como cuestión de ley, por lo menos en ausencia de una explicación satisfactoria, culpable no solamente de hurto, sino también de escalamiento. La mayoría de los casos, sin embargo, aunque aceptan que la sola posesión reciente puede bajo algunas circunstancias crear una presunción para el hurto, repudian esta doctrina en lo que se refiere al escalamiento. La verdadera doctrina es sin duda que la mera posesión de propiedad hurtada no crea presunción de ley de que la persona en cuya posesión fué encontrada, cometió escalamiento del sitio en donde fué sustraída. La posesión es una circunstancia que debe ir al jurado y el peso de dicha prueba es para el jurado. El *corpus delicti* del escalamiento, esto es, el forzar la entrada y la entrada misma, deben ser probadas por evidencia independiente y no debe presumirse de la evidencia de una mera posesión. Si aparece que un escalamiento en realidad se ha cometido, la posesión en el acusado de objetos sustraídos del sitio, es una circunstancia de la cual, en conexión con todo el resto de la prueba, el jurado puede presumir como cuestión legal que el acusado cometió el escalamiento. La importancia de la posesión de artículos sustraídos del sitio donde se ha cometido el escalamiento se debe, hasta cierto punto, al hecho de que tal posesión demuestra que el acusado ha estado en dicho sitio. La posesión puede demostrar, y en la mayor parte de los casos demuestra, un intento criminal, la intención de hurtar donde prueba de tal intento es necesaria. Pero aun donde la prueba de tal intento de hurtar no se alega, evidencia de una reciente posesión después del escalamiento es competente para identificar la persona que llevó a cabo el escalamiento. . . En el delito de escalamiento así como en el análogo de hurto, la posesión en el acusado debe ser personal, exclusiva e inexplicada, y debe demostrar que el acusado tenía la propiedad para sí. Debe permitírsele, sin embargo, al acusado explicar cómo obtuvo la propiedad y si su explicación es razonable, entonces debe ser absuelto."

En el caso *El Pueblo* v. *Ramírez,* No. 3793, criminal, resuelto por este tribunal en 24 de diciembre de 1929, hemos dicho:

"La prueba fué en verdad contradictoria, pero se llevó suficiente

evidencia al jurado, y se necesitaría un caso muy fuerte para que esta corte dejara 'sin efecto el veredicto de un jurado rendido bajo semejantes circunstancias. Cuando un juez constituye por sí solo la corte, es raro que revisemos un mero conflicto de prueba, pero cuando un jurado oye el caso, una corte de apelaciones raras veces deja 'sin efecto un veredicto, y especialmente no lo hace así si no se presenta una demostración más fuerte de la que aparece en esta apelación.''

*La moción de reconsideración, y la admisión de nuevo alegato, deben ser denegadas.*