
VERSIÓN para imprimir

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dámaso I. Soto Pino<br><br>    Recurrido<br><br>        v.<br><br>Uno Radio Group y su Radio Estación WCMN 1280, antes operada por Caribbean Broadcasting Corp.<br><br>    Peticionario | Certiorari<br><br>2013 TSPR 75<br><br>188 DPR ____ |

Número del Caso: CC-2012-775

Fecha: 27 de junio de 2013

Tribunal de Apelaciones:

    Región Judicial de Arecibo, Guayama y Utuado, Panel XI

Abogados de la Parte Peticionaria:

    Lcdo. Luis M. Ferrer Medina
    Lcdo. Héctor M. Pereira-Córdova

Abogada de la Parte Recurrida:

    Lcda. Nora Cruz Molina

Materia: Despido constructivo, represalias, salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Dámaso I. Soto Pino<br><br>    Recurrido<br><br>        v.<br><br>Uno Radio Group y su Radio Estación WCMN 1280, antes operada por Caribbean Broadcasting Corp.<br><br>    Peticionario | CC-2012-0775 | *Certiorari* |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 27 de junio de 2013.

Comparece ante nos Uno Radio Group (en adelante Uno Radio o el peticionario) y nos solicita que revisemos una Resolución emitida por el Tribunal de Apelaciones. Mediante esta, el foro apelativo intermedio se negó a desestimar un recurso de apelación presentado ante ese tribunal a pesar de que la parte peticionaria incumplió con varias disposiciones reglamentarias que impidieron el perfeccionamiento de su recurso.

Este caso nos provee la oportunidad de reafirmar varios postulados de Derecho Procesal Apelativo. Toda vez que recientemente hemos notado un aumento en la frecuencia con que surgen controversias en cuanto a la observación de términos de cumplimiento estricto, hoy ratificamos la norma de que los tribunales en nuestra jurisdicción carecen de discreción para prorrogar estos términos de

manera automática. Además, le recordamos a la clase togada en Puerto Rico que la acreditación de la justa causa necesaria para incumplir con un término de cumplimiento estricto no se sostiene con meras alegaciones generales o excusas superfluas.

Antes de abundar en cuanto a estos asuntos, pasamos a reseñar los hechos que ocasionaron esta controversia.

I

Los hechos sustantivos que dieron lugar a este pleito son de índole laboral. Sin embargo, toda vez que solo estamos en posición de atender los asuntos de Derecho Procesal Apelativo que presenta el caso de autos, nos limitaremos a exponer los hechos relevantes a esa controversia.

El señor Dámaso Soto Pino (en adelante Sr. Soto o el recurrido) presentó una Querella el 13 de noviembre de 2007 en contra de su anterior patrono, Uno Radio. En esta alegó que la renuncia a su empleo constituyó un despido constructivo, en violación de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como Ley de Despido Injustificado, 29 L.P.R.A. sec. 185a *et seq.*, y que fue producto de represalias en contravención a la Ley Núm. 115-1991, 29 L.P.R.A. sec. 194 *et seq.*

Luego de varias incidencias procesales, y culminada la etapa de descubrimiento de prueba, el 12 de abril de 2011 se celebró el juicio en su fondo en el Tribunal de Primera Instancia. Recibida la prueba documental y

testifical, la sala sentenciadora dictó una Sentencia el 8 de mayo de 2012 en la que desestimó en su totalidad la Querella instada por el recurrido.

Inconforme con tal determinación, **a las 11:49 p.m.** del 7 de junio de 2012, **último día hábil del término de treinta (30) días para apelar**, el recurrido presentó un recurso de apelación ante el Tribunal de Apelaciones. Debido a que la Secretaría del foro apelativo intermedio se encontraba cerrada a esa hora de la noche, el recurrido utilizó el buzón externo de horario extendido disponible en ese Tribunal. **El próximo día**, la parte recurrida procedió a enviar por correo certificado la notificación de la presentación del recurso de apelación al peticionario.

Al percatarse de que la notificación de la presentación del recurso de apelación se realizó fuera del término de treinta (30) días que provee para ello el Reglamento del Tribunal de Apelaciones, *infra,* el 13 de junio de 2012 la parte peticionaria presentó ante ese Foro una Moción de Desestimación por Falta de Jurisdicción. En esta alegó que el foro apelativo intermedio carecía de jurisdicción para atender el recurso de apelación ya que este no se había perfeccionado al no notificarse dentro del término hábil a la parte peticionaria. Ante esa moción, el Tribunal de Apelaciones le concedió un término de diez (10) días al Sr. Soto para que se expresara en cuanto al asunto de la notificación.

*Ab interim*, Uno Radio se percató que el recurrido tampoco notificó su recurso de apelación al Tribunal de Primera Instancia dentro del término de setenta y dos (72) horas que requiere el Reglamento del Tribunal de Apelaciones, *infra,* por lo que el 19 de junio de 2012 presentó una Segunda Moción de Desestimación en la que levantó ese asunto a la atención del foro apelativo intermedio.

Así las cosas, el 26 de junio de 2012 el recurrido presentó su Moción en Cumplimiento de Orden. En esta expuso que notificó su recurso de apelación a Uno Radio al día siguiente de vencido el término debido a que había presentado su recurso a las 11:49 p.m. del último día hábil. Argumentó que el notificar al día siguiente no le causó perjuicio a Uno Radio. En cuanto a la falta de notificación al Tribunal de Primera Instancia, el recurrido se limitó a argumentar que había notificado al foro de instancia por correo regular y que desconocía las razones por las que no había llegado la notificación. Esgrimió que volvió a enviarla y que entendía que no se había causado perjuicio a Uno Radio.

Una vez recibido este escrito, el Tribunal de Apelaciones emitió una Resolución el 11 de julio de 2012 en la que declaró No Ha Lugar ambas mociones de desestimación presentadas por el peticionario. Insatisfecho, Uno Radio procedió a presentar una Moción de Reconsideración el 30 de julio de 2012, la cual fue

declarada Sin Lugar por el foro apelativo intermedio el 31 de julio de 2012.

Aún inconforme, el 4 de septiembre de 2012 Uno Radio presentó una Petición de *Certiorari* ante este Tribunal en la cual alegó que el Tribunal de Apelaciones cometió los errores siguientes:

> PRIMER ERROR: Erró el Tribunal de Apelaciones al concluir que radicar un recurso a último minuto constituye justa causa para no cumplir con el requisito jurisdiccional de notificación establecido en el reglamento del propio Tribunal.

> SEGUNDO ERROR: Erró el Tribunal de Apelaciones al concluir que meramente alegar sin presentar evidencia al respecto, que se notificó por correo regular al Tribunal de Instancia un recurso, enterarse de que no había llegado la notificación al Tribunal mediante las gestiones de la parte contraria para que se desestimara el mismo y desconocer porqué [sic] no llegó esa notificación, es o no justa causa para no cumplir con el requisito jurisdiccional de notificación establecido en el reglamento del propio tribunal.

> TERCER ERROR: Erró el Tribunal de Apelaciones al no declararse sin jurisdicción a pesar de que el Sr. Dámaso Soto incumplió con los requisitos de notificación que establece el Reglamento del Tribunal de Apelaciones y no presentó justa causa para ello.

Examinada la Petición de *Certiorari*, una Sala de Despacho de este Tribunal acordó declararla No Ha Lugar. El peticionario procedió entonces a presentar una Moción de Reconsideración el 5 de diciembre de 2012. Examinada esa Moción, el 22 de febrero de 2013 acordamos reconsiderar y emitimos al recurrido una Orden de Mostrar Causa por la cual no debíamos revocar la Resolución emitida por el Tribunal de Apelaciones.

El recurrido compareció el 1 de abril de 2013, por lo que nos encontramos en posición de adjudicar sin trámite ulterior.

II

A.

La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. Véase *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 659 (1987). En ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.* 150 D.P.R. 560, 564 (2000).

Para salvaguardar estas normas de Derecho Procesal Apelativo, este Tribunal ha sido enfático en que "los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante nos." *Matos v. Metropolitan Marble Corp.*, 104 D.P.R. 122, 125 (1975). Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Además, los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la

revisión de una decisión de un tribunal de menor jerarquía. Ante ello, hemos requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de este Tribunal como del Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, 181 D.P.R. 281, 290 (2011); *Arraiga v. F.S.E.,* 145 D.P.R. 122, 130 (1998). En el Derecho Procesal Apelativo no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo...". *Matos v. Metropolitan Marble Corp.*, supra, pág. 125.

Desde hace casi un siglo este Tribunal ha venido advirtiendo a los abogados las consecuencias de incumplir con los requisitos reglamentarios de este Foro. *Pueblo v. Bayrón*, 40 D.P.R. 818 (1920). Hemos dicho que si bien "este Tribunal ha ejercitado su discreción con benévola tendencia, eso no significa que se haya derogado el Reglamento". *Íd.* pág. 820.

B.

Con estos principios en mente, pasemos a analizar las disposiciones del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, aplicables a la controversia de autos.

En cuanto a la notificación de los recursos de apelación a las demás partes, la Regla 13(B)(1) del Reglamento del Tribunal de Apelaciones establece lo siguiente:

> *Cuándo se hará.-* La parte apelante notificará el recurso apelativo y los apéndices **dentro del**

**término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.** 4 L.P.R.A. Ap. XXII-B R. 13. (Énfasis suplido).

De acuerdo a este precepto, la parte debe notificar el recurso apelativo a la otra parte dentro del mismo término de treinta (30) días que tiene para recurrir al foro apelativo de una Sentencia final. Sin embargo, a diferencia del término para apelar, la propia Regla 13(B)(1) establece que el término para notificar a la otra parte es uno de cumplimiento estricto.

Por otro lado, la Regla 14(B) del Reglamento del Tribunal de Apelaciones, *supra,* rige los aspectos pertinentes a la notificación de la presentación del recurso apelativo al Tribunal de Instancia que haya dictado la Sentencia que se interesa revisar. En específico, esta regla establece:

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de la presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, **dentro de las setenta y dos (72) horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.** 4 L.P.R.A. Ap. XXII-B R. 13. (Énfasis suplido).

Como se puede observar, ambos términos en controversia son de cumplimiento estricto. Es norma harta conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los

tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia*, 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Consecuentemente, en relación a los términos de cumplimiento estricto hemos resuelto que "el foro apelativo no goza de discreción para prorrogar tales términos automáticamente". *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 564. La parte que actúa tardíamente debe hacer constar las **circunstancias específicas** que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto. Si no lo hace, los tribunales "carece[n] de discreción para prorrogar el término y, por ende, acoger el recurso ante su consideración". *Íd.* Véase además *Arriaga v. F.S.E,* supra, pág. 131 *y Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 D.P.R. 651, 657 (1997).

Ahora bien, la acreditación de la justa causa le impone una carga considerable a los abogados y a las partes que estén obligados a demostrarla. Hemos señalado que "[l]a acreditación de justa causa se hace con explicaciones concretas y particulares –debidamente evidenciadas en el escrito– que le permitan al tribunal

concluir que hubo una excusa razonable para la tardanza o la demora. **Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa**". *Febles v. Romar*, 159 D.P.R. 714, 720 (2003) (Énfasis suplido).

No puede ser de otra manera. Si se permite que la acreditación de la justa causa se convierta en un juego de mero automatismo en el que los abogados conjuran excusas genéricas, carentes de detalles en cuanto a las circunstancias particulares que causaron la tardanza en cumplir con el término, se trastocaría todo nuestro ordenamiento jurídico. De esa manera se convertirían los términos reglamentarios en metas amorfas que cualquier parte podría postergar.

Para evitar ese escenario, son los tribunales los llamados a ser árbitros y celosos guardianes de los términos reglamentarios. En el caso de los términos de cumplimiento estricto, nuestra jurisprudencia es clara en que los tribunales podrán eximir a una parte de observar su cumplimiento si están presentes dos (2) condiciones: "**(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida**". *Arriaga v. F.S.E.*, supra, pág. 132. (Énfasis suplido). <u>**En ausencia de alguna de estas dos (2)**</u>

**condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto.**

III

A la luz de la normativa expuesta anteriormente, pasemos a analizar los hechos particulares del caso de autos.

El recurrido Sr. Soto, **parte que en este pleito cuenta con la representación legal de un abogado,** contaba con un término de treinta (30) días para apelar la Sentencia que emitió el Tribunal de Primera Instancia el 8 de mayo de 2012. Ese término vencía el 7 de junio de 2012. Por razones que no surgen de los autos del caso, la representación legal del recurrido decidió hacer uso del buzón externo de horario extendido que existe en la sede del Tribunal de Apelaciones y presentó el recurso de apelación a las **11:49 p.m. del 7 de junio de 2012.** Por ende, es incuestionable el hecho de que el recurso de apelación se presentó dentro del término dispuesto. Ahora bien, la representación legal del Sr. Soto procedió a enviar la notificación de la presentación del recurso por correo certificado **el día después de presentarlo.** Es decir, envió la notificación el 8 de junio de 2012, por lo que notificó a la otra parte fuera del término estricto de treinta (30) días.

Como vimos, Uno Radio presentó una moción para traer a la atención del foro apelativo intermedio la notificación tardía. Luego de que el Tribunal de

Apelaciones le solicitara que se expresara en cuanto a ello, la abogada del Sr. Soto argumentó que "[a]l día siguiente, se notificó copia [del recurso] a la parte Apelada mediante correo certificado...El mismo fue enviado por correo certificado a la parte recurrida, **antes de veinticuatro (24) horas** de haberse presentado".[1] Más adelante señala la parte que

> [e]ntendemos que la notificación hecha a la parte recurrida no causó ningún perjuicio indebido, pues se envió copia del escrito completo con todos sus anejos inmediatamente después de su presentación. La parte Apelada tuvo una notificación adecuada en un término razonable.[2]

Estas razones presentadas por la representación legal del Sr. Soto son un ejemplo perfecto de lo que son meras generalidades y excusas superfluas. Primero, el que la notificación tardía no le haya causado perjuicio indebido a la otra parte no es determinante al momento de examinar la existencia de una justa causa. Si los tribunales fueran a aceptar esa excusa sin más, los términos de cumplimiento estricto se convertirían en un mero formalismo, derrotado fácilmente.

Segundo, y más importante aún, no puede permitirse que el esperar hasta casi la media noche para presentar un recurso en el buzón externo del Tribunal de Apelaciones sea la justa causa suficiente para incumplir con el término para notificar a las otras partes. **Enfatizamos en**

---

[1] Ap. Petición de *Certiorari*, pág. 134.

[2] Íd.

**que esa práctica, especialmente cuando se trata de una parte representada por abogado, es inaceptable como excusa conducente a la acreditación de justa causa.** Si aceptáramos esa excusa, estaríamos premiando a aquellos que esperan hasta prácticamente el último minuto para incoar sus escritos sin notificarlo a tiempo a las otras partes, en menosprecio de los que lo hicieron según se dispone reglamentariamente.

Los tribunales deben tener en mente que existen múltiples alternativas para cumplir con el requisito de notificación a las demás partes dentro del término dispuesto. Por ejemplo, en el caso de autos el recurrido pudo haber optado por presentar su recurso con tiempo suficiente para en horas laborables haber enviado por correo certificado la notificación. Incluso pudo haber notificado el recurso por correo electrónico o telefax como dispone la Regla 13(B)(2) del Reglamento del Tribunal de Apelaciones, *supra*. Por otro lado, pudo demostrar más diligencia si notificaba el recurso por correo certificado o correo electrónico antes de radicarlo, y luego enviar su carátula ponchada. En fin, si la parte optó por esperar hasta el último momento, tenía alternativas para cumplir con el término de cumplimiento estricto o, como mínimo, acreditar la justa causa con excusas de peso.

Ahora bien, en el caso de autos la parte recurrida incumplió también con el término de notificar al Tribunal de Primera Instancia la presentación del recurso de

apelación. Para ello contaba con un término de setenta y dos horas (72) a partir del 7 de junio de 2012. No es hasta que Uno Radio presenta una Segunda Moción de Desestimación que la representación legal del Sr. Soto se entera de que no se notificó al foro de instancia. Para acreditar la justa causa de ese incumplimiento, el recurrido alegó que

> la notificación al Tribunal de Primera Instancia se hizo enviando copia del escrito, por error o inadvertencia, mediante correo regular. La parte Apelante desconoce las razones por las que la copia enviada a la Secretaría del Tribunal de Primera Instancia, Sala Superior de Arecibo, no llegó a su destino. Entendemos que ante esta situación, que la parte Apelante no había advertido, pudo subsanarse posteriormente sin causar perjuicio a ninguna de las partes.[3]

Esta explicación ni siquiera se acerca a una razón válida para acreditar una justa causa. Primero, no consta en los autos que el recurrido haya presentado evidencia alguna en cuanto a si en efecto envió por correo regular la notificación al Tribunal de Primera Instancia. Segundo, sin justa causa el incumplimiento con un término de cumplimiento estricto no se puede "subsanar". Nuevamente, el que no se cause perjuicio a otra parte no es determinante para la acreditación de la justa causa.

En virtud de lo anterior, nos parece claro que en el caso de autos la parte recurrida no demostró la existencia de una justa causa por la que incumplió con dos (2) términos de cumplimiento estricto. Ante ello, el Tribunal de Apelaciones carecía de discreción para prorrogar los

---

[3] *Íd.* pág. 135.

términos o atender el caso. Sencillamente, debido a los incumplimientos de la parte su recurso de apelación no se perfeccionó, por lo que procedía su desestimación.

En fin, se le recuerda a los tribunales en Puerto Rico que tienen un rol de ser guardianes de todos los términos en nuestro ordenamiento jurídico. Los términos de cumplimiento estricto no son meros formalismos, y si no se cumple con los requisitos para acreditar la existencia de una justa causa, los tribunales carecen de discreción para prorrogar los términos.[4]

Por último, se le recuerda a la clase togada que es un deber acreditar la existencia de justa causa, **incluso antes de que un tribunal se lo requiera**, si no se observa un término de cumplimiento estricto. En el caso específico del Derecho Procesal Apelativo, este incumplimiento impide la revisión judicial ya que ocasiona que no se perfeccionen sus recursos apelativos.

IV

Por todo lo anteriormente discutido, se expide el auto de *certiorari* y se declara este Ha Lugar. Por ende, se revoca la Resolución emitida por el Tribunal de Apelaciones el 31 de julio de 2012. Toda vez que el Recurso de Apelación presentado por la parte recurrida aún está pendiente ante el Tribunal de Apelaciones, se

---

[4] Debemos enfatizar que, aunque las determinaciones del Tribunal de Apelaciones regularmente son acreedoras de un grado de deferencia por parte de este Foro, en el caso de autos el foro apelativo intermedio no incluyó fundamentos en su Resolución para explicar las razones por las que entendió que existía una justa causa para prorrogar el término de cumplimiento estricto.

devuelve el caso a ese foro para que proceda a desestimarlo por este no haberse perfeccionado debidamente.

Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dámaso I. Soto Pino

    Recurrido

      v.

Uno Radio Group y su Radio
Estación WCMN 1280, antes
operada por Caribbean
Broadcasting Corp.

    Peticionarios

*Certiorari*

CC-2012-0775

SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2013.

Por todo lo anteriormente discutido, se expide el auto de *certiorari* y se declara este Ha Lugar. Por ende, se revoca la Resolución emitida por el Tribunal de Apelaciones el 31 de julio de 2012. Toda vez que el Recurso de Apelación presentado por la parte recurrida aún está pendiente ante el Tribunal de Apelaciones, se devuelve el caso a ese foro para que proceda a desestimarlo por este no haberse perfeccionado debidamente.

Así lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta hizo constar la expresión siguiente, a la cual se unió el Juez Presidente señor Hernández Denton:

La Jueza Asociada señora Fiol Matta concurre con el resultado por entender que en este caso en particular la parte no demostró justa causa.

Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina