| Estado Libre Asociado de Puerto Rico |
| --- |

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| DANIEL RIVERA COLÓN Recurrente v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Recurrido | TA2025RA00202 | ***Revisión Administrativa*** Procedente de la Departamento de Corrección y Rehabilitación Caso Núm. B42225 |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

El recurrente, Daniel Rivera Colón es miembro de la población correccional y comparece ante nosotros por derecho propio. El recurrente solicita la revisión de una *Resolución* notificada el 13 de agosto de 2025 por la Coordinadora Regional de la División de Remedios Administrativos. En virtud del aludido dictamen, el referido foro denegó la solicitud del recurrente sobre los servicios médicos reclamados.

**I**

Según alegó, el 5 de febrero de 2025, el recurrente fue evaluado por un ortopeda y en su evaluación recomendó un *mattress air* ortopédico. Ante ello, comenzó a agotar los remedios administrativos provistos por el Departamento de Corrección y Rehabilitación. El 13 de agosto de 2025, el recurrente alegó que, el Superintendente de la Institución de Bayamón Sol le notificó que debía contar con una recomendación médica que indique, entre

otras cosas, las especificaciones del *mattress*. Además, adujo que solicitó copia de los documentos que forman parte de su evaluación médica, pero estos fueron denegados con el pretexto de que al momento no los tenían disponibles.

Por tanto, este sostuvo que, ante el incumplimiento del Departamento de Corrección y Rehabilitación, y Physician Correctional su condición de salud se está viendo afectada hace años. Por lo que, nos solicita que dejemos sin efecto la alegada *Resolución* que, de hecho, no acompaño como apéndice a su solicitud.

## II

### A. La jurisdicción

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias. La falta de jurisdicción de un tribunal incide directamente sobre el poder mismo del tribunal para adjudicar una controversia y sus consecuencias son las siguientes: (1) no puede subsanarse (2) las partes no pueden conferírsela voluntariamente al tribunal y este tampoco puede arrogársela (3) conlleva la nulidad de los dictámenes emitidos (4) impone a los tribunales el deber ineludible de auscultar su propia jurisdicción (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y (6) puede presentarse en cualquier etapa del procedimiento a instancia de las partes o por el tribunal *motu proprio*. El Tribunal Supremo de Puerto Rico ha sido enfático en que los tribunales tienen que ser celosos guardianes de su jurisdicción, en ausencia de esta no pueden asumirla. Por eso, es norma reiterada que las cuestiones de jurisdicción son de índole privilegiadas y deben ser resueltas con preferencia. Por tanto, cuando un tribunal determina que no tiene jurisdicción está obligado a desestimar inmediatamente el recurso apelativo, conforme lo ordenado en las leyes y reglamentos

aplicables al perfeccionamiento de los recursos. *Allied Management Group Inc. v. Oriental Bank,* 204 DPR 374, 386-387 (2020); *JMC Investment v. ELA et al,* 203 DPR 708, 714-715 (2019);

### B. El perfeccionamiento de los recursos

Nuestro más Alto Foro local ha enfatizado que el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. *Montañez Leduc v. Robinson Santana,* 198 DPR 544, 549-551 (2017). No obstante, las disposiciones reglamentarias deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía, que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación y que no afecten los derechos de las partes. Art. 4.004 de la Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, 4 LPRA 24w; Regla 2 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025); *Isleta Marina LLC v. Inversiones Isleta Marina Inc.*, 203 DPR 585, 590 (2019).

Particularmente, en la práctica apelativa los comparecientes vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante el tribunal, de lo contrario se puede ver afectada la jurisdicción del juzgador para resolver los méritos. *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). En el normativo caso *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91 (2013), nuestro Tribunal Supremo enfatizó lo siguiente:

> [...] Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Además, los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Ante ello, hemos requerido un cumplimiento fiel y estricto con las disposiciones

reglamentarias, tanto de este Tribunal como del Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998). En el derecho procesal apelativo no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". *Matos v. Metropolitan Marble Corp., supra*, pág. 125.

Desde hace casi un siglo este Tribunal ha venido advirtiendo a los abogados las consecuencias de incumplir con los requisitos reglamentarios de este Foro. *Pueblo v. Bayrón,* 40 DPR 818 (1920). Hemos dicho que, si bien "este Tribunal ha ejercitado su discreción con benévola tendencia, eso no significa que se haya derogado el Reglamento". Íd. pág. 820.

Es decir, el incumplimiento del Reglamento del Tribunal de Apelaciones, *supra,* impide que este Tribunal atienda un recurso que no se ha perfeccionado conforme a dichas disposiciones reglamentarias, pues, en nuestro ordenamiento jurídico es imperativo que los procedimientos judiciales se ejecuten de manera "ordenada y efectiva". *Soto Pino v. Uno Radio Group, supra,* pág. 90. Las Reglas que gobiernan el perfeccionamiento de los recursos a nivel apelativo deben cumplirse y aplicarse por el Tribunal de Apelaciones rigurosamente. *Hernández Maldonado v. Taco Maker, supra,* pág. 290. Los recursos que no queden perfeccionados, de conformidad con estas reglas, no pueden ser atendidos y deberán desestimarse. *Soto Pino v. Uno Radio Group, supra,* pág. 97; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).

En lo pertinente al contenido del recurso de revisión, la Regla 59 del Tribunal de Apelaciones, *supra,* establece lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya

interrumpido y reanudado el término para presentar el recurso de revisión.

.          .          .          .          .          .

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

.          .          .          .          .          .

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

**III**

El craso incumplimiento del recurrente con las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos nos obliga a ordenar la desestimación por falta de jurisdicción. No tenemos ante nosotros un apéndice que nos permita acreditar las gestiones que se hicieron ante el foro adjudicativo y de esa manera constatar nuestra propia jurisdicción para atender el asunto. Pero particularmente, no tenemos ante nuestra consideración la *Resolución* recurrida, lo cual impide a este Tribunal ejercer su

función revisora. Por tanto, el recurrente no nos ha colocado en posición de atender su reclamo.

**IV**

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción ante el craso incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones