Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| **LUIS G. SANTIAGO**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACION**<br><br>Recurrida | TA2025RA00402 | **REVISIÓN ADMINISTRATIVA** procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br>Sobre: **Rebaja de Sentencia** |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de enero de 2026.

El recurrente, Luis G. Santiago, es miembro de la población correccional bajo la custodia del Departamento de Corrección y Rehabilitación. Nos solicita mediante su escrito que le concedamos el derecho de rebaja al término de su Sentencia.

Los hechos que explican la determinación que hoy tomamos, se exponen a continuación.

**I.**

En esencia, el recurrente alega en su recurso que, el 28 de octubre de 2025, fue condenado a cumplir prisión por un término de 3 años por el delito de posesión de sustancias controladas, bajo el Artículo 404 de la Ley Núm. 4-1971. En el mismo recurso, solicita a este Tribunal que se le aplique una bonificación de 20% de rebaja a su Sentencia, esto al amparo del Artículo 11 del Plan Reorganización Núm. 2-2011, *infra.* Dado que, a su entender, su Sentencia de 36 meses, la cual para el tiempo de su solicitud se reflejaba de 17 meses con 12 días, debía ser de 6 meses y 12 días por dicha bonificación del 20%.

**II.**

**A. Revisión Judicial**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*, (en adelante, LPAU) establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por las agencias administrativas de Puerto Rico. La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro del marco de las facultades que le fueron delegadas. A través de la revisión judicial, los tribunales pueden constatar que los organismos administrativos cumplan con los mandatos constitucionales que rigen su función y, en especial, con el debido proceso de ley. Su propósito es proveerle a la ciudadanía un foro al cual recurrir para vindicar sus derechos y obtener un remedio frente a las actuaciones arbitrarias de las agencias. La revisión judicial constituye el recurso exclusivo para revisar los méritos de las decisiones administrativas adjudicativas o informales. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 753-754 (2024).

En virtud de la LPAU, una parte que haya sido afectada adversamente por una orden o resolución final de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días, contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672.

Cabe destacar que, en cuanto al alcance de revisión judicial en las determinaciones administrativas, es la función del foro judicial asegurarse que los dictámenes de los organismos administrativos se ciñan a sus facultades, conforme la ley que las

habilita. Las determinaciones de hechos de las decisiones de estas serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Al revisar las conclusiones de derecho, el foro judicial considerará el *expertise* de la agencia en la interpretación de la ley que implanta, pero no estará obligado a guiarse por su criterio como una norma ciega de deferencia automática. Sección 4.5 de la LPAU, 3 LPRA sec. 9675; *Vázquez et al. v. DACo,* 2025 TSPR 56 (2025).

### B. El perfeccionamiento de los recursos

El Tribunal Supremo de Puerto Rico ha enfatizado que el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 549-551 (2017). No obstante, las disposiciones reglamentarias deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía, que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación y que no afecten los derechos de las partes. Art. 4.004 de la Ley Núm. 201-2003, según enmendada, 4 LPRA 24w; Regla 2 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025); *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).

Particularmente, en la práctica apelativa los comparecientes vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante el tribunal, de lo contrario se puede ver afectada la jurisdicción del juzgador para resolver los méritos. *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). En el caso *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91 (2013), el Tribunal Supremo enfatizó lo siguiente:

> [...] Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Además, los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Ante ello, hemos requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de este Tribunal como del Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998). En el derecho procesal apelativo no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". *Matos v. Metropolitan Marble Corp., supra*, pág. 125.

> Desde hace casi un siglo este Tribunal ha venido advirtiendo a los abogados las consecuencias de incumplir con los requisitos reglamentarios de este Foro. *Pueblo v. Bayrón,* 40 DPR 818 (1920). Hemos dicho que, si bien "este Tribunal ha ejercitado su discreción con benévola tendencia, eso no significa que se haya derogado el Reglamento". Íd. pág. 820.

Es decir, el incumplimiento del Reglamento del Tribunal de Apelaciones, *supra,* impide que este Tribunal atienda un recurso que no se ha perfeccionado conforme a dichas disposiciones reglamentarias, pues, en nuestro ordenamiento jurídico es imperativo que los procedimientos judiciales se ejecuten de manera ordenada y efectiva. *Soto Pino v. Uno Radio Group, supra,* pág. 90. Las Reglas que gobiernan el perfeccionamiento de los recursos a nivel apelativo deben cumplirse y aplicarse por el Tribunal de Apelaciones rigurosamente. *Hernández Maldonado v. Taco Maker, supra*, pág. 290. Los recursos que no queden perfeccionados, de conformidad con estas reglas, no pueden ser atendidos y deberán desestimarse. *Soto Pino v. Uno Radio Group, supra*, pág. 97; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).

En lo pertinente al contenido del recurso de revisión, la Regla 59 del Tribunal de Apelaciones, *supra,* establece lo siguiente:

> (C) Cuerpo

> > (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

> > (c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada

y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

.    .    .    .    .    .    .    .

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

.    .    .    .    .    .    .

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

**III.**

Múltiples razones nos obligan a desestimar el recurso presentado. Primeramente, el recurrente no hizo señalamiento de error alguno, más bien se limitó a solicitarle a este Tribunal que se le rebajara el término de su Sentencia, al amparo del Artículo 11 del Plan Reorganización Núm. 2-2011.

Según vimos, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, dispone que una parte que haya sido afectada adversamente por una orden o resolución final de una agencia y que haya agotado

todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días, contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia.

El Tribunal de Apelaciones cumplirá el propósito de proveer a los ciudadanos de un foro apelativo mediante el cual un panel de no menos de tres (3) jueces revisará, como cuestión de derecho, entre otras, las decisiones finales de los organismos y agencias administrativas. 4 LPRA sec. 24u. Es decir, la competencia del Tribunal de Apelaciones exige en el ámbito administrativo una decisión, orden o resolución final de un organismos o agencia administrativa.4 LPRA sec. 24y (c).

La petición del señor Santiago se hace en primera instancia ante este foro. No acompaña con su recurso y tampoco alega la existencia de un trámite ante la agencia que haya producido un dictamen final que pueda ser objeto de revisión ante este foro. No surge del recurso de revisión judicial que este haya hecho dicha solicitud en el foro administrativo.

En segundo lugar, ante el craso incumplimiento del recurrente con las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos, nos obliga a ordenar la desestimación por falta de jurisdicción. Nuevamente, no tenemos ante nosotros un expediente que nos permita acreditar las gestiones que se hicieron ante el foro administrativo y de esa manera constatar nuestra propia jurisdicción para atender el asunto. Más aún, no tenemos ante nuestra consideración la *Resolución* recurrida, lo cual impide a este Tribunal ejercer su función revisora. Por tanto, no nos puso en posición para atender su reclamo.

Y es que los tribunales tienen el deber ineludible de auscultar su propia jurisdicción, así como la del foro de donde procede el

recurso que deben atender, pues la falta de jurisdicción puede plantearse en cualquier etapa del procedimiento, por cualquiera de las partes o por el tribunal a instancia propia. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 102 (2020); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372–373 (2018). Esto, toda vez que, la falta de jurisdicción, (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *S.L.G. Sola-Maldonado v. Bengoa Becerra*; 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009); *Vázquez v. Administración de Reglamentos y Permisos,* 128 DPR 513, 537 (1991).

**IV.**

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción ante el craso incumplimiento con las disposiciones de ley y el Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones