Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO | | *Certiorari* |
|---|---|---|
| Recurrido | | Procedente del Tribunal de Primera Instancia, Sala de Superior de Bayamón |
| v. | TA2026CE00277 | |
| JOSÉ L. BOSCH MULERO | | Caso Núm.: BY2014CR02838 |
| Peticionario | | Sobre: Solicitud de documentos |

Panel integrado por su presidenta la jueza Grana Martínez, el juez Ronda del Toro, la jueza Lotti Rodríguez

*Grana Martínez, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2026.

El peticionario, José L. Bosch Mulero (en adelante, señor Bosch Mulero) está confinado y mediante recurso de *Certiorari* presentado el 5 de marzo de 2026, nos solicita que le ordenemos al Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario) que acoja una moción que busca modificar su sentencia.

Los hechos que explican la determinación que hoy tomamos, se exponen a continuación:

### I

Según el peticionario, para enero del 2025, este comenzó a solicitar al foro primario documentos relacionados a su caso, a saber, las minutas, transcripciones, preacuerdo acordado, sentencia, entre otros. No obstante, este sostiene que lo único que ha recibido del TPI son prórrogas. Además, en el presente recurso, aclaró que no presentó documento alguno sobre las gestiones realizadas en el foro primario porque no le dieron copia de ello.

Ante ello, el peticionario alega los siguientes señalamientos de error:

Erró en el primer lugar al no entregar documentación o documentos públicos referentes al caso donde el imputado de los cargos[,] el aquí peticionario[,] y para los que tenemos pleno derecho[,] libre de costo por ser el Sr. Bosch indigente y solicitarlos por derecho propio.

Este [H]on. T.P.I. erra al otorgar [v]arias prórrogas a la fiscalía y permitir el incumplimiento de sus deberes.

[T]ambién se erra al no dar continuidad para que se cumplan los debidos derechos del aqu[í] peticionario.

## II

### A. La Jurisdicción

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias. La falta de jurisdicción de un tribunal incide directamente sobre el poder mismo del tribunal para adjudicar una controversia y sus consecuencias son las siguientes: (1) no puede subsanarse (2) las partes no pueden conferírsela voluntariamente al tribunal y este tampoco puede arrogársela (3) conlleva la nulidad de los dictámenes emitidos (4) impone a los tribunales el deber ineludible de auscultar su propia jurisdicción (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y (6) puede presentarse en cualquier etapa del procedimiento a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

El Tribunal Supremo de Puerto Rico ha sido enfático en que los tribunales tienen que ser celosos guardianes de su jurisdicción, en ausencia de ésta no pueden asumirla. Por eso, es norma reiterada que las cuestiones de jurisdicción son de índole privilegiadas y deben ser resueltas con preferencia. Por tanto, cuando un tribunal determina que no tiene jurisdicción está obligado a desestimar inmediatamente el recurso apelativo, conforme lo ordenado en las leyes y reglamentos aplicables al perfeccionamiento de los recursos.

*Allied Mgmt. Group. v. Oriental Bank,* supra; *JMG Investment v. ELA et al.,* 203 DPR 708, 714-715 (2019).

**B. El perfeccionamiento de los recursos**

Nuestro más Alto Foro local ha enfatizado que el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 549-551 (2017). No obstante, las disposiciones reglamentarias deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía, que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación y que no afecten los derechos de las partes. Art. 4.004 de la Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, 4 LPRA 24w; Regla 2 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025); *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 590 (2019).

Particularmente, en la práctica apelativa los comparecientes vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante el tribunal, de lo contrario se puede ver afectada la jurisdicción del juzgador para resolver los méritos. *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). En *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91 (2013), el Tribunal Supremo de Puerto Rico dispuso lo siguiente:

> [...] Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Además, los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Ante ello, hemos requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de este Tribunal como del Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Arriaga v. F.S.E.,* 145 DPR 122, 130 (1998). En el derecho procesal apelativo

no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". *Matos v. Metropolitan Marble Corp., supra*, pág. 125.

Desde hace casi un siglo este Tribunal ha venido advirtiendo a los abogados las consecuencias de incumplir con los requisitos reglamentarios de este Foro. *Pueblo v. Bayrón,* 40 DPR 818 (1920). Hemos dicho que, si bien "este Tribunal ha ejercitado su discreción con benévola tendencia, eso no significa que se haya derogado el Reglamento". Íd. pág. 820.

Es decir, el incumplimiento del Reglamento del Tribunal de Apelaciones, *supra,* impide que este Tribunal atienda un recurso que no se ha perfeccionado conforme a dichas disposiciones reglamentarias, pues, en nuestro ordenamiento jurídico es imperativo que los procedimientos judiciales se ejecuten de manera "ordenada y efectiva". *Soto Pino v. Uno Radio Group, supra,* pág. 90. Las Reglas que gobiernan el perfeccionamiento de los recursos a nivel apelativo deben cumplirse y aplicarse por el Tribunal de Apelaciones rigurosamente. *Hernández Maldonado v. Taco Maker, supra,* pág. 290. Los recursos que no queden perfeccionados, de conformidad con estas reglas, no pueden ser atendidos y deberán desestimarse. *Soto Pino v. Uno Radio Group, supra*, pág. 97; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).

En lo pertinente al contenido del recurso de revisión, la Regla 59 del Tribunal de Apelaciones, *supra,* establece lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

.     .     .     .     .     .     .     .

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

. . . . . . . .

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

. . . . . . . .

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

**III**

El craso incumplimiento del peticionario con las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos nos obliga a ordenar la desestimación por falta de jurisdicción. No tenemos ante nosotros un apéndice que nos permita acreditar las gestiones que se hicieron ante el foro adjudicativo y de esa manera constatar nuestra propia jurisdicción para atender el asunto. Pero particularmente, no tenemos ante nuestra consideración las supuestas prórrogas ni documento alguno sobre el trámite en el foro

primario, lo cual impide a este Tribunal ejercer su función revisora. El peticionario arguye que ha recibido prórrogas, pero no las acompaña con su escrito, así como tampoco las mociones mediante las cuales le solicita al foro primario los documentos a los cuales alega tener derecho. En fin, no hay ni un ápice de evidencia que nos permita asumir jurisdicción sobre este asunto. Por tanto, el peticionario no nos ha colocado en posición de atender su reclamo.

**IV**

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción ante el craso incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones